## THE KING *vs.* MAHUKALIILII.

EXCEPTIONS FROM CIRCUIT COURT, THIRD JUDICIAL CIRCUIT.

JANUARY TERM, 1884.

JUDD, C. J., McCULLY and AUSTIN, JJ.

The defendant having been convicted upon indictment for forging and uttering a paper purporting to be a promissory note:

Held, that the line discriminating between such false instruments as do not bear the semblance of that of which they are counterfeits, and those which do bear it, must be determined by the complexion of each case as it arises.

The King *vs.* Heleliilii, ante page 16, followed.

Held, also, that to show guilty knowledge and to rebut the presumption of innocence through ignorance, previous statements made by defendant, relating to other forged papers in his possesssion prior to the commission of the offense, are admissible in evidence.

OPINION OF THE COURT, BY McCULLY, J.

Bill of exceptions from the Third Judicial Circuit Court.

The defendant was convicted on an indictment charging forging and uttering an instrument of which the following is a copy :

$70.00. *Honolulu,* Sept. 14, 1883.
.......................... *after date* ...... *promise to pay to the order of* Mahukaliilii .............................. Seventy .............. *Dollars,* *at* ......... Mr. Hyman B. ........................... *Value received.*
*No.* 134. *Due* ................. Geo. Willyon.

The words in italics form the printed blank which is filled. The testimony shows that the name intended to be the signature was Geo. Willfong. The note was offered by the defendant to the proprietors of a Chinese store, who cashed it.

The defendant's first exception is based on the provision in the chapter on forgery: Penal Code, Chap. XXX., Sec. 7: "Provided, however, that it is essential to constitute forgery that the false instrument should carry on its face the semblance of that for which it was counterfeited, and it should not be obviously invalid, void and of no effect."

In the *King vs. Heleliilii,* heard on exceptions at the last July Term, the Court considered a case precisely parallel to this, and the reasoning and authorities there employed need not be repeated here.

The line discriminating between such false instruments as do not bear the semblance of that of which they are counterfeits and those which do bear it, must be determined by the complexion of each case as it arises, and it is not likely to exclude from the class of forgeries papers which are intended for forgeries, and which have been successfully uttered.

The next exception is to the admission of evidence of the defendant's having another draft for $100 about a week before his arrest, and his statements concerning it. This was offered to show guilty knowledge and to rebut the presumption of innocence through ignorance. This is established doctrine in cases of forgery and counterfeiting. See Greenleaf's Evidence, Vol. 3, Secs. 111 and 111A, where many authorities are cited ; also 115 Mass. 481, *Com. vs. Coe.*

The third exception, to the question what prisoner did with the said $100 note, comes under the ruling on the foregoing exception.

And finally we do not find that the verdict was against the weight of evidence.

The exceptions are overruled.

*Paul Neumann,* Attorney-General.

*W. C. Jones,* for defendant.

Honolulu, January 28, 1884.